IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                               No. CR 18-0738 JB

THEISMAN TSOSIE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Opposed Motion for a Protective Order, filed April 4, 2018 (Doc. 19)("Motion"). The primary issue is whether the Court should enter a protective order requiring Defendant Theisman Tsosie to return to Plaintiff United States of America or destroy discovery containing medical records and personal identifying information relating to children within sixty days of this case's conclusion. The Court concludes that it will enter a protective order that limits disclosure of medical records and personal identifying information, but it will not order Tsosie to return or destroy the discovery materials. Accordingly, the Court denies in part and grants in part the Motion.

## FACTUAL BACKGROUND

According to the Criminal Complaint, filed February 22, 2018 (Doc. 1), Tsosie became upset with his girlfriend's six year old son -- "John Doe" -- on the morning of February 21, 2018, because "Doe spent 'coins' in a zombie game on an Amazon Fire/Kindle device." Criminal Complaint ¶ 6, at 3. Doe's mother -- "M.M." -- "heard a noise coming from the bathroom and then John Doe crying." Criminal Complaint ¶ 6, at 3. M.M. entered the bathroom, and saw Doe laying on his side with blood around his mouth and nose. See Criminal Complaint ¶ 6, at 3. Doe

said that Tsosie slapped him in the face and kicked him in the ribs. See Criminal Complaint ¶ 6, at 3. M.M. took Doe to Indian Health Services ("IHS"), and IHS doctors sent Doe to the University of New Mexico Hospital. See Criminal Complaint ¶ 6, at 3. Doe had "patterned bruising, a linear bruise on the jaw, and a skull fracture." Criminal Complaint ¶ 4, at 1.

## PROCEDURAL BACKGROUND

On March 13, 2018, a Grand Jury returned an Indictment charging Tsosie with "knowingly, intentionally, and recklessly, and without justifiable cause, caus[ing] John Doe, an Indian child under the age of 18, to be placed in a situation that may have endangered the child's life and health and to be cruelly tortured and cruelly punished, resulting in great bodily harm," in violation of 18 U.S.C. § 1153 and N.M. Stat. Ann. § 30-6-1(D). Indictment at 1, filed March 13, 2018 (Doc. 13). Tsosie was arraigned on March 19, 2018, see Clerk's Minute Sheet, filed March 19, 2018 (Doc. 15), and the Honorable Karen B. Molzen, United States Magistrate Judge, entered a discovery order later that day, see Order, filed March 19, 2018 (Doc. 16).

1. **The Motion.**

In the Motion, the United States seeks a Protective Order, pursuant to rule 16(d)(1) of the Federal Rules of Criminal Procedure, restricting certain evidence's use. See Motion at 5-6. The first proposed term is that the medical records of Doe and Doe's siblings, and video and audio recordings with "personally identifying information" -- which the United States refers to as "confidential material" -- cannot be disclosed to anyone other than Tsosie, Tsosie's attorney, the attorney's employees, witnesses and their counsel, potential witnesses and their counsel, or experts or consultants assisting in this action. Motion at 5-6. The second proposed term is that the confidential material provided to Tsosie be used "solely for the purposes of this action," but that restriction would not limit either party from disclosing material in this action or related proceedings, provided that the personal information is redacted pursuant to rule 49.1 of the

Federal Rules of Criminal Procedure.  See Motion at 6.  The third proposed term is that, within sixty days from this action's conclusion, Tsosie returns the confidential material to the United States or notifies the United States that he has destroyed the confidential material.  See Motion at 7.

The United States argues that a Protective Order is necessary to protect the material's personal information while avoiding the time-intensive process of redacting audio and video files.  See Motion ¶ 3, at 2.  The United States contends that the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), obligates the United States and the Court to ensure that Doe's personal information "does not remain in the hands of defense counsel beyond what is necessary."  Motion ¶ 7, at 2-3 (citing Anderson v. Blake, 469 F.3d 910, 914 (10th Cir. 2006); A.L.A. v. W. Valley City, 26 F.3d 989, 990 (10th Cir. 1994); Lankford v. City of Hobart, 27 F.3d 477, 479 (10th Cir. 1994)).  The United States also contends that courts regularly approve protective orders requiring that confidential materials be returned or destroyed following a lawsuit's conclusion.  See Motion ¶ 10, at 5 (citing United States v. Garcia, No. 12-10089-02-JTM, 2016 WL 4398972, at *1 (D. Kan. Aug. 18, 2016)(Marten, J.)(unpublished); United States v. Aguilar, No. CR 09-3207, 2010 WL 2977708, at *6 (D.N.M. June 28, 2010)(Browning, J.)(unpublished)).

### 2. **The Response.**

Tsosie opposes the Motion.  See Defendant's Response in Oppos[i]tion to the United States' Motion for a Protective Order at 1, filed April 17, 2018 (Doc. 20)("Response").  Tsosie contends that he has agreed to the proposed protective order's proposed provisions limiting the dissemination of personal information.  See Response ¶ 4, at 2.  Tsosie argues that the United States has not shown good cause to require Tsosie to return or destroy the confidential material after the case's conclusion.  See Response ¶ 5, at 2.  Specifically, Tsosie argues that the United States "fails to address how the dignity and privacy of anyone is inadequately protected by the

issuance of a protective order that prohibits dissemination" of personal information. Response ¶ 6, at 2. Tsosie contends that, although the United States' proposed protective order request is consistent with civil requirements for such orders under the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512(d) ("HIPAA"), those requirements do not apply to materials disclosed in criminal matters. Response ¶ 7, at 2.

Next, Tsosie argues that, given that Tsosie helped raise Doe and that Doe's siblings are Tsosie's biological children, "there is no reason to think that any of these individuals is in danger, that their safety is threatened, or that their privacy rights are impinged, if the defense were to retain this information in the normal course of the Federal Public Defender's file retention policies." Response ¶ 8, at 3. Tsosie asserts that the Federal Public Defender's office stores its client's files in a "secure file room" for five years before being stored in a "secure, off-site location." Response ¶ 9, at 3. Furthermore, Tsosie argues that the United States has not stated why the Federal Public Defender's file storage system risks accidentally disclosing confidential information. See Response ¶ 12, at 6.

Tsosie asserts that <u>United States v. Garcia</u>, 2016 WL 4398972, and <u>United States v. Aguilar</u>, 2010 WL 2977708, do not support the United States' position, because those cases deal with protecting witnesses' safety in light of retaliation concerns. See Response ¶¶ 9-10, at 3-5.

Tsosie also asserts that the United States' proposed sixty-day window to return the confidential materials is unclear, because "it is very difficult to estimate when 60 days past the expiration of time for collateral review has passed." Response ¶ 13, at 6-7.

   3.   **<u>The Reply</u>.**

The United States replied. <u>See</u> United States' Reply to Defendant's Response to the United States' Opposed Motion for a Protective Order, filed May 1, 2018 (Doc. 23)("Reply"). The United States argues that rule 16(d)(1) of the Federal Rules of Criminal Procedure's good

cause requirement means the same thing in both the civil and criminal context, and that good cause exists when "the harm which might result from unrestricted disclosure outweighs the party's interest in access to that disclosure." Reply ¶ 1, at 1.

The United States contends that the "privacy, security, and dignity interests" outweigh Tsosie's interest in holding onto the confidential material indefinitely. Reply ¶ 4, at 2.

The United States restates its view that redacting personal information would be "unduly and unnecessarily time consuming," because Doe's and other minors' personal information appears throughout the record, and the audio and video statements are more than seven hours long in total. Reply ¶ 8, at 3. The United States estimates redactions would take roughly twenty-eight to thirty-five hours. See Reply ¶ 9, at 3-4.

The United States also questions Tsosie's need to keep the confidential information longer than sixty days after the proceeding's conclusion. See Reply ¶ 12, at 4-5. The United States asserts that, if Tsosie needs the records for a habeas petition down the road, he may, at that time, request copies. See Reply ¶ 12, at 4-5.

The United States asserts that the two main purposes of requiring Tsosie to return the confidential material are to reduce the risk of accidental disclosure and to protect Doe's and his sibling's "privacy and dignity by ensuring Defendant does not have access to their medical records longer than necessary." Reply ¶ 14, at 5.

## LAW REGARDING DISCOVERY IN CRIMINAL CASES

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item it its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Although rule 16's language is permissive, it does not authorize "a blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition." United States v. Maranzino, 860 F.2d 981, 985-86 (10th Cir. 1988)(citing Jencks v. United States, 353 U.S. 657, 667 (1957)). Rule 16 also does not obligate the United States to "take action to discover information which it does not possess." United States v. Badonie, No. CR 03-2062, 2005 WL 2312480, at *2 (D.N.M. Aug. 29, 2005)(Browning, J.) (quoting United States v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991))(internal quotation marks omitted). Nor is the United States required to secure information from third parties. See United States v. Gatto, 763 F.2d 1040, 1048 (9th Cir. 1985)(holding that rule 16 does not contain a due diligence element requiring a prosecutor to search for evidence not within the United States' possession, custody, or control).

Evidence is "material" under rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal." United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996)(internal quotation marks omitted)(quoting United States v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993)) (internal quotation marks omitted). "Although the materiality standard is not a heavy burden, the Government need disclose rule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor." United States v. Graham, 83 F.3d at 1474 (alterations omitted)(citations omitted)(internal quotation marks omitted).

Rule 16(d)(1) provides guidelines for courts to regulate discovery by issuing or

modifying protective orders:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1). In In re Terrorist Bombings of United States Embassies in East Africa, 552 F.3d 93 (2d Cir. 2008), the United States Court of Appeals for the Second Circuit held that rule 16(d) gives district courts the discretion to determine the circumstances "under which the defense may obtain access to discoverable information." In re Terrorist Bombings of United States Embassies in East Africa, 552 F.3d at 122. In United States v. Delia, 944 F.2d 1010 (2d Cir. 1991), the Second Circuit noted that rule 16(d)(1) is "permissive," and gives district courts the ability to "limit or otherwise regulate discovery pursuant to Rule [16(d)(1)]." United States v. Delia, 944 F.2d at 1018.

Rule 16(d)(2) "gives the district court broad discretion in imposing sanctions on a party who fails to comply with" rule 16. United States v. Wicker, 848 F.2d 1059, 1060 (10th Cir. 1988).

> **(2) Failure to Comply.** If a party fails to comply with this rule, the court may:
>
> > **(A)** order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> >
> > **(B)** grant a continuance;
> >
> > **(C)** prohibit that party from introducing the undisclosed evidence; or
> >
> > **(D)** enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

> In selecting a proper sanction, a court should typically consider: (1) the reasons the government delayed producing requested materials, including whether the

government acted in bad faith; (2) the extent of prejudice to defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance.

United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999)(internal quotation marks omitted)(quoting United States v. Gonzales, 164 F.3d 1285, 1292 (10th Cir. 1999)). In United States v. Martinez, 455 F.3d 1127 (10th Cir. 2006), the Tenth Circuit held that "a court should impose the least severe sanction." 455 F.3d at 1131 (quoting United States v. Wicker, 848 F.2d 1059, 1061 (10th Cir. 1988)). The Tenth Circuit noted: "Rule 16 and our cases specifically mention continuance or exclusion of the evidence as preferred remedies." States v. Martinez, 455 F.3d at 1131.

## ANALYSIS

The Court grants the Motion in part and denies it in part. The Court will grant the Motion insofar as it requests a protective order restricting disclosure of personal identifying information and medical records of Doe and Doe's siblings. The Court will not, however, require Tsosie to return to the United States or destroy the discovery within sixty days of this case's conclusion.

**I.    THE UNITED STATES HAS SHOWN GOOD CAUSE TO RESTRICT THE CONFIDENTIAL INFORMATION'S USE.**

The United States' proposed protective order's first provision states that the confidential material shall "not be shown or otherwise provided or disclosed" to anyone other than: (i) Tsosie; (ii) Tsosie's attorney of record; (iii) that attorney's employees "to whom it is reasonably necessary that the material be shown for the purposes of this action"; (iv) witnesses, potential witnesses, and their counsel; and (v) experts or consultants assigned to this action. Motion ¶ 12, at 6. The proposed protective order's second provision states that the confidential information

> shall be used solely for the purposes of this action. Nothing in this protective

> order limits the defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal. This protective order requires, however, that the party redact any personal identifying information, the names of the minor children, and other private information in accordance with Fed. R. Crim. P. 49.1.

Motion ¶ 12, at 6. Tsosie has agreed to these two provisions. See Response ¶ 4, at 2.

The Court concludes that there is good cause for these provisions to protect Doe and his siblings' confidential information from use or disclosure beyond what is necessary in this case. The United States alleges that Tsosie physically abused Doe. See Indictment at 1. Crime victims have a "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). See United States v. Corley, No. 13-CR-48, 2016 WL 9022508, at *4 (S.D.N.Y. Jan. 15, 2016)(Nathan, J.)("Because Corley's minor victims have significant privacy and safety interests at stake, while Corley's interests are minimal, the Court finds good cause to modify the protective order in this case to prevent Corley from learning the surnames of the minor victims."). Keeping the confidential material confined to only those who need it, and requiring that Doe's name and personal information be redacted in public filings, protects Doe's privacy interest. The Court does not see a sound reason why the public record should contain that information about a six-year-old boy. The Court also concludes that there is good cause for restricting the use and disclosure of confidential information relating to Doe's siblings. Although the Indictment does not allege that Doe's siblings are crime victims, the Court is, generally speaking, reluctant to allow a minor's confidential information to become part of the public record, and, here, both parties agree that the protective order should apply to Doe's siblings. Consequently, there are no compelling reasons pushing the Court to make confidential information relating to Doe and his siblings public.

## II. THE UNITED STATES HAS NOT SHOWN GOOD CAUSE WHY TSOSIE MUST RETURN OR DESTROY DISCOVERY.

The United States also asks the Court to order Tsosie to return or destroy the discovery's confidential materials within sixty days of the case's conclusion. See Motion ¶ 12, at 7. The United States proffers two main reasons for its return-or-destroy request: (i) it would protect the privacy of Doe and Doe's siblings by reducing the risk of accidental disclosure; and (ii) it would protect Doe's and Doe's sibling's "privacy and dignity by ensuring Defendant does not have access to their medical records longer than necessary." Response ¶ 14, at 5.

Neither reason convinces the Court that it should order that Tsosie return or destroy discovery materials. For one, courts have typically ordered that a defendant must destroy or return discovery materials within a certain timeframe when the discovery contains information that, if misused, creates a specific and immediate risk of harm, such as with identifying information for a confidential informant or cooperating witness. The commentary to rule 16's 1974 amendment notes that rule 16(d)(1) "does not attempt to indicate when a protective order should be entered," but offers that "one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16 commentary to 1974 amendment. Rule 16 of the Federal Rules of Criminal Procedure commentary also indicates that "[a]mong the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals." Fed. R. Crim. P. 16. See 2 C. Wright, A. Miller, Federal Practice & Procedure § 262 at 198-99 (4th ed. 2009).

The United States contends that courts "routinely" enter protective orders requiring confidential material's return or destruction. Motion ¶ 10, at 5. The cases to which the United

States cites for this proposition, the Court notes, involve situations where misuse of discovery would put someone's safety in jeopardy. In United States v. Garcia, the defendant was convicted of "multiple counts of gang-related criminal activity." 2016 WL 4398972, at *1. Before trial, the United States requested a protective order imposing "reasonable restrictions on the use and dissemination of discovery," including a provision that Garcia's counsel return or destroy evidence within eighty days of exhausting post-conviction remedies. 2016 WL 4398972, at *1. The Honorable J. Thomas Marten, United States District Judge for the District of Kansas, entered the protective order "primarily for the protection of cooperating witnesses." 2016 WL 4398972, at *1. In other words, the protective order reflected an interest in protecting against an urgent risk that discovery's disclosure of cooperating witnesses could lead to retaliation. See Fed. R. Crim. P. 16 commentary to 1974 Amendment (noting that a protective order "would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed").

In United States v. Aguilar, the Court ordered the United States to disclose to the defendant's counsel a confidential informant's identity, but further ordered that the defendant's counsel may not disclose the confidential informant's identity to anyone besides her investigator. See 2010 WL 2977708, at *6. The Court also ordered that the defendant to return confidential information to the United States once the case is closed. See 2010 WL 2977708, at *6. The Court concluded that "[t]hese requirements should minimize the danger, if any, to the [confidential informant] and perhaps permit law-enforcement to use him in a covert capacity again in the future, if they so desire." 2010 WL 2977708, at *6.

By contrast, in this case, the United States does not make the case that someone's safety is in danger or that some other non-safety interest is in obvious jeopardy. The United States

argues that requiring Tsosie to return or destroy discovery is necessary to protect the privacy of Doe and Doe's siblings by reducing the risk of accidental disclosure.  The United States has not, however, shown that there is a risk of accidental disclosure that the Court should use its discretion address.  Tsosie asserts that the records will be kept in the Federal Public Defender's office in a "secure file room" for five years before being moved to a "secure, off-site location."  Response ¶ 9, at 3.  The United States offers no evidence nor makes an argument why this process does not adequately manage the risk of accidental disclosure.  The Federal Public Defender's office regularly manages confidential information, and the Court does not have any reason to doubt its ability to securely handle this case's discovery.  If the Court cannot trust the Federal Public Defender's office's record storing process to not make accidental disclosures in this case, the Court should probably not trust the Federal Public Defender's office with much.

As for protecting the "privacy and dignity" of Doe and his siblings by keeping the confidential information out of Tsosie's hands for longer than necessary, the Court does not agree that requiring the confidential material's return or destruction is needed to preserve those interests.  Doe's siblings are Tsosie's biological children; Doe is the child of Tsosie's girlfriend and Tsosie has played some role in raising Doe.  Given the close family ties, the privacy and dignity concerns at stake are less weighty than they would be if Tsosie were a stranger.  In any case, the United States has not explained why Tsosie's continued access -- as opposed to his initial access -- to those materials would violate Doe's and his siblings' privacy and dignity.[1]

---

[1] Even if the Court were inclined to order Tsosie to return or destroy the discovery, the United States' proposed 60-day time limit is not workable.  See Response ¶ 13, at 6-7.  The United States requests that Tsosie return the confidential material "[w]ithin 60 days after the conclusion of this case, concluding the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, as well as any collateral review."  Motion ¶ 12, at 7.  Tsosie responds that it is "difficult to estimate when 60 days past the expiration of time for

**IT IS ORDERED** that: (i) the United States' Opposed Motion for a Protective Order, filed April 4, 2018 (Doc. 19), is granted in part and denied in part; (ii) the medical records, videos, and audio recordings containing personal identifying information of the victim, John Doe, and of Doe's siblings, shall not be shown, provided, or disclosed to anyone other than: Defendant Theisman Tsosie, Tsosie's attorney of record, the attorney of record's employees for whom access is reasonably necessary for their work on this action, witnesses and potential

---

collateral review has passed," particularly for a habeas corpus petition. Response ¶ 13, at 6-7. Indeed, a habeas petition's one -year statute of limitation begins running at one of four points:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The first option -- the date of a final judgment -- is easy enough, but there is no telling when the remaining options may occur and trigger the statute of limitations clock, if ever. The United States offers that Tsosie can ask for the materials from the United States if and when a habeas opportunity arises. See Reply ¶ 12, at 4-5. In effect, the United States contends that the 60 day limit to destroy or return the confidential material would start when either Tsosie is acquitted or one year after Tsosie's conviction becomes final. Such an arrangement might be workable, but that possibility does not change the Court's conclusion that there is no good cause for ordering Tsosie to destroy or return the confidential materials.

witnesses and their counsel, and experts or consultants assigned to this action; (iii) the medical records, videos, and audio recordings of Doe and Doe's siblings containing personal identifying information shall be used solely for the purposes of this action or related judicial proceedings, and the parties must redact any personal identifying information, including the children's names and other private information in accordance with rule 49.1 of the Federal Rules of Criminal Procedure.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
  United States Attorney
Allison Jaros
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mallory Margaret Gagan
Office of the Federal Public Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*